PER CURIAM.
The defendant, Interamerican Car Rental, Inc. [Interamerican], appeals from a final judgment entered pursuant to a jury verdict in favor of the plaintiffs. We reverse and remand. Interamerican also seeks review of a final judgment assessing attorney’s fees and costs. We also reverse.
The plaintiffs, Lawrence and Catherine Gonzalez, filed an action against Interameri-can alleging that Lawrence suffered a permanent injury or aggravation of a preexisting injury when he was struck by a rental car owned by Interamerican. Catherine alleged that she suffered derivative damages in the nature of loss of companionship and consortium. The trial court granted the plaintiff’s motion for a partial summary judgment on the issue of liability and the matter proceeded to trial on the issue of damages only.
Dr. Raymond Lopez, a neurologist, testified that Lawrence suffered a permanent injury in the cervical region. Dr. Bader, who examined Lawrence at Interamerican’s request, stated that he could not say whether there had been an aggravation of a preexisting problem. During a previous deposition, Dr. Bader had stated that Lawrence might have sustained a permanent injury as a result of the accident, but that it was hard to be certain. He added at that time that Lawrence had probably sustained a permanent injury to some extent. Upon the plaintiffs’ motion to strike Dr. Bader’s testimony, the trial court instructed the jury to disregard the expert opinion offered by Dr. Bader at trial stating that Interamerican had violated the rules of procedure by offering the testimony of an expert who had substantially reversed his prior opinions in the case.
At the conclusion of the presentation of the evidence at the trial, the judge directed a verdict for the plaintiffs on the issue of their satisfying the no fault permanént injury threshold and instructed the jury that the only issue for its determination was the amount of damages to which the plaintiffs were entitled. The jury returned a verdict of $375,000 for Lawrence and $60,000 for Catherine. The trial court entered a final judgment on the jury verdict and denied Interam-erican’s motion for a new trial. Then, the trial court entered a final judgment assessing attorney’s fees in favor of the plaintiffs.
The first issue we examine is whether Dr. Bader substantially reversed his opinion. A careful review of Dr. Bader’s deposition testimony reflects that he did not express a substantial reversal of opinion at trial. During the deposition, he testified that “he was not able to ascribe any level of aggravation or injury caused by the accident” based on the films and the history he had reviewed. Then, when he was asked whether Lawrence sustained a permanent injury as a result of the accident, he responded that he probably had. At trial, Dr. Bader testified that based on all the information he reviewed he “could not conclude he suffered any additional injury.” Dr. Bader was consistent; he respond *91 ed to the same question in the same manner both times. We find he did not substantially reverse his opinion. Therefore, the trial court erred in instructing the jury to disregard the expert opinion offered by Dr. Bad-er.
Once all the testimony is considered in this ease, this case presents a jury question on the issue of whether the plaintiff was permanently injured. The trial court erred in directing a verdict on this issue. See Easkold v. Rhodes, 614 So.2d 495 (Fla.1993) (Jury free to accept, reject, or give medical expert opinion testimony weight it feels it deserves based upon all evidence presented.); United States Fidelity & Guar. Co. v. Perez, 622 So.2d 486 (Fla. 3d DCA 1993) (Jury entitled to render finding contrary to uncontradicted expert testimony regarding permanency of plaintiffs injury.). Accordingly, we reverse the final judgment entered in this case and remand this cause for a new trial. Since we have reversed the underlying final money judgment, we also reverse the final judgment assessing attorney’s fees and costs.